[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13439
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00208-TJC-MCR-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR JEROME WASHINGTON, JR.,
a.k.a. Art,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 4, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

In 2005 Arthur Washington, Jr., pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). His presentence investigation report (PSR) assigned him a base offense level of 32 under United States Sentencing Guidelines § 2D1.1(c)(4), which was decreased by three levels based on his acceptance of responsibility. U.S.S.G. § 3E1.1(a)–(b) (Nov. 2005). With an adjusted offense level of 29 and a criminal history category of II, Washington's initial guidelines sentence range was 97 to 121 months imprisonment. However, Washington was subject to a statutory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A). As a result, his advisory sentence range became 120 to 121 months imprisonment under U.S.S.G. § 5G1.1(c), and the district court imposed the statutory minimum 120-month sentence.

In 2011 Washington filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that he was eligible for a sentence reduction based on the Fair Sentencing Act (FSA) and Amendment 750 to the sentencing guidelines.[1] The district court denied that motion, concluding that Washington was ineligible for § 3582(c)(2) relief because he was sentenced to the statutory minimum sentence. Washington now appeals the district court's decision.

---

[1] Amendment 750 revised the crack cocaine quantity tables in the sentencing guidelines. See U.S.S.G. App. C, amend. 750 (Nov. 2011).

2

## I.

We review a district court's denial of a motion for a sentence reduction under § 3582(c)(2) for an abuse of discretion. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2008). However, we review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).

To determine whether a sentence reduction is warranted under § 3582(c)(2), a district court must calculate the guidelines range that would have applied if the retroactive amendment had been in effect when the defendant was originally sentenced. U.S.S.G. § 1B1.10(b)(1). A district court may then modify a term of imprisonment under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a defendant is not eligible for relief under § 3582(c)(2) if a guidelines amendment applies to the defendant but does not lower his applicable guidelines range because of the operation of another guideline or statutory provision. U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Washington is not entitled to relief under § 3582(c)(2) because his amended guidelines range would not be lower than his original guidelines range. If Amendment 750 had been in effect when Washington was sentenced, his

3

guidelines range would be 120 months imprisonment, the statutory minimum at the time.  See id. §§ 2D1.1(c)(7), 5G1.1(b).  That revised range would not fall below his original guidelines range of 120 to 121 months.  Accordingly, he is not entitled to relief under § 3582(c)(2).  See id. § 1B1.10.

Washington tries to overcome the barrier of the 120-month statutory minimum by arguing that Amendment 750 must be applied in conjunction with the FSA, which lowered the relevant mandatory minimum from 120 months to 60 months.  See 21 U.S.C. § 841(b)(1)(B)(iii).  Under that line of thinking, Washington's amended guidelines range would be 60 to 63 months imprisonment, see U.S.S.G. § 5G1.1(c), and he would be eligible for § 3582(c)(2) relief.  However, our precedent forecloses Washington's argument.  In United States v. Berry, we held that a defendant could not rely on the FSA for a sentencing reduction under § 3582(c)(2) because the FSA was a "statutory change by Congress" and not "a guidelines amendment by the Sentencing Commission."  701 F.3d 374, 377 (11th Cir. 2012).  We also concluded that a defendant who had been sentenced before the FSA's 2010 effective date could not rely on the FSA when seeking relief under § 3582(c)(2) because the FSA did not apply retroactively.  Id.; see also United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013).[2]

---

[2] Washington tries to distinguish Berry and Hippolyte on the grounds that the statutory minimum sentences in those cases were above the defendants' initial guidelines ranges while his statutory minimum sentence was lower than the top of his initial guidelines range.  That is not a

4

Washington was sentenced in 2006, well before the FSA was enacted.  Thus, he cannot benefit from the FSA's reduced mandatory minimum sentence and he is not entitled to relief under § 3582(c)(2).

For these reasons, the district court's denial of Washington's motion for a sentence reduction is **AFFIRMED**.

---

meaningful distinction, however, because in all three circumstances the amendment to the sentencing guidelines would not have resulted in a sentencing range that was lower than the one originally determined at sentencing.